UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

══════════════════════════════════

EDWARD R. RAYMOND,

                          Plaintiff,

                                                        DECISION AND ORDER
                v.                                           05-CV-221A

JO ANNE B. BARNHART,
Commissioner of Social Security,

                          Defendant.

══════════════════════════════════

## INTRODUCTION

            Plaintiff Edward R. Raymond commenced the instant action *pro se*,

pursuant to 42 U.S.C. § 405(g), on March 30, 2005, seeking review of a final

determination of the defendant, Jo Anne Barnhart, the Commissioner of Social Security

(the "Commissioner"), disallowing plaintiff's application for disability insurance benefits

under the Social Security Act.  Plaintiff, whose past work was as a table saw operator

and furniture assembler, claims to be disabled due to coronary artery disease, morbid

obesity, severe sleep apnea, hypothyroidism, and a degenerative disc in his back. On

October 11, 2005, the Commissioner  moved for judgment on the pleadings.  On

October 18, 2005, Magistrate Judge Leslie G. Foschio ordered the plaintiff to file a

response by November 30, 2005.  To date, plaintiff has not filed such a response.

            For the reasons stated herein, the Court finds that the plaintiff is not

entitled to benefits because substantial evidence in the record demonstrates that

plaintiff retains the residual functional capacity to perform sedentary work with some restrictions and therefore is not disabled within the meaning of the Social Security Act. Accordingly, the Commissioner's decision must be affirmed.

## PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits on November 29, 2001 (Tr. 54-56).[1]  The claim was denied initially (Tr. 28-31; see Tr. 27).[2]  Plaintiff then requested a hearing (Tr. 32), which was held on June 25, 2003 (Tr. 204-27).  At the hearing, Administrative Law Judge ("ALJ") J. Robert Brown heard testimony from plaintiff and a vocational expert (Id.). On July 14, 2003, after considering the matter de novo, ALJ Brown issued a written decision, finding plaintiff not disabled during the period relevant to his claim (Tr. 17-24).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 3, 2005 (Tr. 5-8).  This action followed.

## DISCUSSION

This Court may set aside the Commissioner's decision only if it is based upon legal error or her factual findings are not supported by substantial evidence.  42 U.S.C. § 405(g).  The Supreme Court has defined the term "substantial evidence," in

---

[1]     Page citations are to the transcript of the administrative record filed by the Commissioner as part of her answer.

[2]     Because plaintiff's claim was a Disability Redesign Prototype Case claim, no reconsideration determination was rendered (see Tr. 27).

the context of a Social Security case, as "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with some restrictions and therefore is not disabled within the meaning of the Social Security Act.  Plaintiff has failed to demonstrate or even allege that the Commissioner's decision was in error.  After reviewing the record and the Commissioner's  submissions, the Court finds that substantial evidence supports the ALJ's findings.

## CONCLUSION

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings.  The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: January 12, 2007